**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TERESA A. CARLSTROM,<br>Appellant, | DOCKET NUMBER<br>SF-0353-14-0268-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>Agency. | DATE: August 15, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Teresa A. Carlstrom, Richmond, California, pro se.

Nina Paul, San Francisco, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant, a nonpreference eligible letter carrier, filed an appeal alleging that the agency violated her restoration rights and discriminated against her as a partially-recovered employee by withdrawing a prior limited-duty job offer, claiming that it had no work for her, and sending her home on September 16, 2013.  Initial Appeal File (IAF), Tab 1.  Before filing her Board appeal, the appellant's union filed a grievance on her behalf based on the same agency actions.  IAF, Tab 4 at 21, 24.  During the pendency of her Board appeal, the dispute resolution team resolved the grievance in a settlement at the Step B level. *See id.* at 18-20.  Under the terms of the settlement agreement, the dispute resolution team decided, among other things, to make the appellant whole from September 21, 2013, until she returned to duty, not including periods of leave taken by the appellant for her own convenience.  *Id*. at 18, 20.

¶3        On February 10, 2014, the agency filed a motion to dismiss the appellant's appeal for lack jurisdiction, arguing that the voluntary settlement of the Step B grievance divested the Board of jurisdiction over her appeal.  *Id.* at 8.  The agency also argued, in the alternative, that the Board should dismiss the appeal as untimely or as moot.  *Id*. at 7-9.  The appellant responded in opposition to the

agency's motion to dismiss, arguing, in pertinent part, that the Board had "jurisdiction to hear the discrimination complaints from a . . . federal employee who has partially recovered from sustaining an on the job injury due to the failure to restore to modified absence after an approved absence." IAF, Tab 5, Subtab 2. The appellant further argued that the Board had jurisdiction under the Board's "mixed case" regulations because she raised the same claim in her equal employment opportunity (EEO) complaint and her EEO counselor directed her to the Board.[2] *Id.* The agency subsequently filed a reply brief in support of its motion to dismiss. IAF, Tab 6.

¶4 Without holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the grievance settlement agreement divested the Board of appellate jurisdiction. IAF, Tab 7, Initial Decision (ID) at 3. In dismissing the appeal, the administrative judge found that the settled grievance pertained to both the appellant's claims that the agency violated her restoration rights and that the agency failed to provide her with reasonable accommodation under the Rehabilitation Act of 1973 and that the terms of the settlement agreement did not specifically reserve any Board appeal right. ID at 2. The administrative judge did not address the agency's arguments that the appeal was moot or untimely.

¶5 After the administrative judge issued the initial decision, the appellant filed a pleading in support of her objection to the agency's motion to dismiss and a petition for review challenging the initial decision dismissing her appeal for lack of jurisdiction. IAF, Tab 9; Petition for Review (PFR) File, Tab 1. The agency responded in opposition to the appellant's petition for review, and the appellant replied to the agency's response. PFR File, Tabs 3-4.

---

[2] The appellant had not filed a formal complaint of discrimination regarding the matter at issue in her appeal, according to the agency's pleading filed on February 10, 2014. IAF, Tab 4 at 11.

¶6  An employee's decision to settle a grievance may divest the Board of jurisdiction over the underlying matter. *See Deblock v. U.S. Postal Service*, [107 M.S.P.R. 90](), ¶ 12 (2007). Thus, the Board will review the terms of a settlement agreement and the surrounding circumstances to determine if it retains jurisdiction over an appeal of an action that was settled in another procedural venue. *Id.* A presumption exists that Board appeal rights are waived when the other procedural venue is a grievance and settlement of that grievance does not specifically reserve the right to file a Board appeal. *Id.* The appellant must expressly reserve the right to seek Board review in order for the Board to retain jurisdiction, even if the settlement agreement does not bar a Board appeal. *Id.*

¶7  The appellant makes numerous arguments in her pleadings on review, none of which show that the administrative judge erred in dismissing her appeal for lack of jurisdiction. For example, the appellant expresses her dissatisfaction with the grievance process and the timing of the administrative judge's issuance of the initial decision.[3] PFR File, Tab 1 at 2-3, 7-8, 14-15, 29. The appellant argues that the agency committed a prohibited personnel practice and retaliated against her for protected union activity. *Id.* at 24-25, 28. The appellant also argues, among other things, that she did not know that she was required to choose between filing a grievance and a Board appeal, and she did not receive information from the agency explaining her appeal rights for adverse actions. *Id.* at 4-6. Nonetheless, the appellant does not dispute that she settled her grievance without expressly reserving the right to seek Board review, and she does not allege that she involuntarily entered into the settlement agreement. *See Swink v.*

---

[3] The appellant argues that she filed a pleading in response to the agency's reply within the time limits for responding to motions filed by the agency, but that the administrative judge issued the initial decision prior to receipt of her pleading. PFR File, Tab 1 at 2. The appellant further argues that "[t]he early ruling on the initial decision affected the outcome of the case because [she] could have been afforded additional rights and protections to ensure her return to work status." *Id.* Her arguments, however, pertain to the merits of her appeal and do not address the dispositive jurisdictional issue.

*U.S. Postal Service*, [111 M.S.P.R. 620](#), ¶ 11 (2009), *aff'd*, 372 F. App'x 90 (2010). Moreover, it is immaterial whether the agency failed to inform her that she had Board appeal rights or whether she unknowingly waived her Board appeal rights when she entered the settlement agreement. *See Hanna v. U.S. Postal Service*, [101 M.S.P.R. 461](#), ¶ 9 (2006). Accordingly, the administrative judge correctly found that the Board has no jurisdiction over her appeal.

¶8      On review, the appellant also raises arguments that appear to be an attempt to seek compliance with the terms of the agreement settling her grievance. PFR File, Tab 1 at 3, 29. The Board has authority to enforce the terms of a settlement agreement where the agreement has been accepted into the record of a Board appeal, but this did not occur in the settlement of the appellant's Step B grievance. *See* IAF, Tab 4 at 18-20; *Wobschall v. Department of the Air Force*, [43 M.S.P.R. 521](#), 522-23, *aff'd*, 918 F.2d 187 (Fed. Cir. 1990) (Table). Thus, the Board lacks jurisdiction to enforce its terms.

¶9      In addition, for the first time on review, the appellant alleges that the Board has jurisdiction over her appeal because the agency's failure to restore her to duty constituted a constructive suspension beginning on September 16, 2013, lasted for 14-days or more, and violated her rights under the Family Medical Leave Act. PFR File, Tab 1 at 11. A Postal Service employee may file a Board appeal challenging an adverse action taken under chapter 75 of Title 5, United States Code, including a constructive suspension, only if she: (1) is a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) has completed 1 year of current continuous service in the same or similar positions. *Fitzsimmons v. U.S. Postal Service*, [99 M.S.P.R. 1](#), ¶ 6 (2005); *see* [39 U.S.C. § 1005](#)(a); [5 U.S.C. § 7511](#)(a)(1)(B). The record in this case reflects that the appellant is not a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity. *See* IAF, Tab 4 at 35, 401-41. Accordingly,

the Board does not have jurisdiction over her appeal. In the absence of an otherwise appealable issue, the Board lacks jurisdiction to consider the merits of the appellant's remaining arguments and her affirmative defenses, including but not limited to her allegations of disability discrimination and retaliation for protected union activity. *See Cruz v. Department of the Navy*, 934 F.2d 1240, 1243-44 (Fed. Cir. 1991) (en banc); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871 73 (D.C. Cir. 1982). We therefore deny the petition for review.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.